**FILED**

JUL 1 9 2012

Clark, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CP PRODUCTIONS, INC., | ) | Case: 1:12-mc-00381 |
| | ) | Assigned To : Leon, Richard J. |
| Petitioner, | ) | Assign. Date : 7/19/2012 |
| | ) | Description: Miscellaneous |
| v. | ) | |
| | ) | |
| COMCAST CABLE | ) | [Case pending in the U.S. District Court |
| COMMUNICATIONS, LLC, | ) | for the Northern District of Illinois, |
| | ) | No. 1:12-cv-01505] |
| Respondent. | ) | |
| | ) | |

### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Petitioner First Time Videos, LLC, pursuant to Federal Rule of Civil Procedure

45(c)(2)(B)(i), hereby moves this Court to enter an order compelling nonparty subpoena

recipient Comcast Cable Communications, LLC ("Comcast") to produce documents called for in

a subpoena *duces tecum* issued by Petitioner to Comcast. Petitioner served the subpoena *duces*

*tecum* ("Subpoena") on Comcast on April 28, 2012 in accordance with a court order granting

Petitioner leave to take expedited discovery. *CP Productions, Inc. v. Does 1-38*, No. 12-1505

(N.D. Ill. Mar. 9, 2012), ECF No. 12. On May 1, 2012, Comcast objected to the Subpoena.

Comcast's objections offer no proper basis under the Federal Rules upon which to excuse

its compliance with the Subpoena. As discussed in the attached memorandum of law, which is

incorporated herein by reference, Comcast's objections lack legal merit and factual support.

Therefore, the Court should enter an order compelling Comcast to produce the documents called

for in the Subpoena.

[intentionally left blank]

1

Respectfully submitted,

CP PRODUCTIONS, INC.

**DATED**: July 16, 2012

By:_____
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CP PRODUCTIONS, INC., | ) | |
| | ) | Case: |
| Petitioner, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| COMCAST CABLE | ) | [Case pending in the U.S. District Court |
| COMMUNICATIONS, LLC, | ) | for the Northern District of Illinois, |
| | ) | No. 1:12-cv-01505] |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Petitioner CP Productions, Inc., the owner of the copyrighted creative work at issue in

this action, seeks to compel nonparty subpoena recipient, Comcast Cable Communications, LLC

("Comcast") to produce the documents called for in Petitioner's subpoena *duces tecum*

("Subpoena"). (A true and correct copy of which is attached hereto as Exhibit A.) The Court

should grant this motion to compel because Comcast's objections offer no proper basis under the

Federal Rules of Civil Procedure upon which to excuse its compliance with the Subpoena.

Moreover, Comcast's objections lack legal merit and factual support.

### BACKGROUND

On March 1, 2012, Petitioner brought a copyright infringement action against unnamed

defendants, alleging that the putative defendants illegally copied and distributed its copyrighted

work to others over the Internet. *CP Productions, Inc. v. Does 1-38*, No. 12-1505 (N.D. Ill. Mar.

1, 2012), ECF No. 1. Along with its Complaint, Petitioner submitted an Exhibit of a list of

Internet Service Providers ("ISPs") and Internet Protocol ("IP") addresses associated with the

1

infringing activities. *Id.*, ECF No. 1-1. On March 5, 2012, Petitioner moved for expedited

discovery to obtain certain identifying information for the putative defendants. *Id.*, ECF No. 6.

On March 9, 2012, the court granted Petitioner's expedited discovery motion and granted

Petitioner leave to issue subpoenas *duces tecum* to various ISPs for production of identifying

information with respect to the IP addresses of the putative defendants. *Id.*, ECF No. 12. In

accordance with this Order, Petitioner issued subpoenas to various ISPs, including Comcast on

April 28, 2012. (Ex. A.) On May 1, 2012, Comcast sent a letter to Petitioner objecting to the

Subpoena on four independent grounds: lack of personal jurisdiction, improper joinder,

inadequate assurance of payment, and inadequate time for compliance. (A true and correct copy

of which is attached hereto as Exhibit B.)

Counsel for Comcast indicated in its objection letter that Comcast intended to produce no

documents responsive to the Subpoena, and that its objections were its only intended response.

(Ex. B at 1.) Comcast has not identified a single valid basis to avoid compliance with the

Subpoena. Petitioner therefore respectfully requests that this Court grant this motion to compel,

and direct Comcast to immediately produce any and all information within its possession,

custody and control that is responsive to the Subpoena.

## DISCUSSION

Comcast's opening objection is that there is no "valid court order that recognizes that [the

Court] will ultimately have jurisdiction over the unnamed subscribers." (Ex. B. at 2.) Its next

objection is that there is no valid court order regarding "whether [the unnamed subscribers] may

be properly joined." (*Id.*) Comcast's third objection is that there is no valid court order requiring

Petitioner to "provid[e] for reasonable reimbursement" to Comcast. (*Id.*) Its final objection is that

the subpoena may not provide for "a reasonable time to fulfill any large order." (*Id.*) Comcast

stated that, "[it] will not notify our subscribers or produce documents or any other information

identifying subscribers associated with the IP addresses in the Subpoena" until such an order is

issued. (*Id.*) For the reasons set forth herein, the Court should grant Petitioner's motion to

compel Comcast's compliance with the Subpoena.

## I.    Legal Standard

Federal Rule of Civil Procedure ("Rule" or "Rules") 45, among other things, sets forth an

exhaustive list of grounds on which a subpoena may be quashed or modified:

Rule 45(c)(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a
subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100
miles from where that person resides, is employed, or regularly transacts business in
person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to
attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or
waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing
court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial
information;

(ii) disclosing an unretained expert's opinion or information that does not describe
specific occurrences in dispute and results from the expert's study that was not requested
by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to
travel more than 100 miles to attend trial.

## II.    Comcast's  Personal Jurisdiction Objection is Erroneous and Premature

Comcast objects on the basis that there is no "valid court order that recognizes that [the

Court] will ultimately have jurisdiction over the unnamed subscribers." (Ex. B. at 2.) Comcast's

personal jurisdiction objection is erroneous and premature.

Comcast's personal jurisdiction objection is erroneous because it suffers from at least two fatal procedural defects. First, personal jurisdiction objections do not fall on Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45(c)(3). The objection should be denied on this basis alone. Second, Comcast has no colorable basis for claiming standing to challenge the Court's exercise of personal jurisdiction over Comcast's *subscribers*, who will have their own opportunity to object to personal jurisdiction at the appropriate stage of the litigation.

Perhaps recognizing the fatal procedural defects associated with its opening objection, Comcast makes a tenuous attempt to link personal jurisdiction with the Communication Act's "court order" requirement. 47 U.S.C. § 551(c). In essence, Comcast argues that the Communications Act imposes on Comcast an obligation to confirm that the court order authorizing disclosure of its subscribers' information contains a finding that the court would have personal jurisdiction over the subscribers. (Ex. B at 2, 4.) This argument is entirely unsupported by the Communications Act or any interpreting authority, including the *Sony Music* decision, which simply requires a copyright holder to make a *prima facie* showing of copyright infringement before revealing the identity of an anonymous copyright infringer. *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). Comcast's proposed finding regarding personal jurisdiction would be impossible to make at this stage of the litigation when the Court has limited means to assess personal jurisdiction. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *First Time Videos, LLC v. Does 1–76*, No 11-3831, 2011 WL 3586245, at *5 (N.D. Ill. Aug. 16, 2011) ("I lack sufficient information for evaluating ... jurisdictional defenses.").

4

Finally, Comcast's personal jurisdiction objection is erroneous because the putative

defendants most likely all reside in Illinois. In its complaint, Petitioner explains that it "used

geolocation technology to trace the IP addresses of each Defendant to a point of origin within the

State of Illinois." *CP Productions, Inc. v. Does 1-38*, No. 12-1505 (N.D. Ill. Mar. 1, 2012), ECF

No. 1 ¶ 6. Comcast even admits that "nearly all of the IP addresses listed are for subscribers

located in Illinois." (Ex. B at 3.) Any IP addresses located outside of Illinois are likely due to the

limited accuracy of geolocation technology. *Call of the Wild*, 770 F.Supp. 2d at 347 ("publicly

available IP lookups reveal only where a defendant is likely to be located. Given that these

lookup tools are not completely accurate, this does not resolve the question of whether personal

jurisdiction would be proper. Ultimately, the Court would still be unable to properly evaluate

jurisdictional arguments until the putative defendants are properly identified and named.").

In addition to being erroneous, Comcast's personal jurisdiction objection is premature.

Comcast asks the Court to reach a preliminary finding on personal jurisdiction, ostensibly based

on the allegations contained in Petitioner's complaint. The Court should deny this request. *See

Anger v. Revco Drug Co.*, 791 F.2d 956 (D.C. Cir. 1986) ("[T]he Federal Rules of Civil

Procedure indicate that personal jurisdiction is a matter to be raised by motion or responsive

pleading, not by the court *sua sponte*.")

Petitioner is not required to "prove" personal jurisdiction at this stage of the litigation. It

is well-established that personal jurisdiction does not even have to be pled. *See, e.g., Hagen v. U-

Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing

the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the

plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion

under Rule 12(b)(2) ...."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474-75 (D. Del. 1995)

5

(noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A defendant who:

> receives a complaint and summons from a court in another jurisdiction and believes she is not subject to that court's jurisdiction ... has several alternatives available to her. First, she may ignore the complaint and summons and then, if a default judgment is issued against her, may challenge the issuing court's jurisdiction in a collateral proceeding (presumably closer to home or other assets) when the plaintiff seeks to enforce the judgment. Second, she may voluntarily waive any lack of personal jurisdiction and submit to the district court's jurisdiction. Third, she may appear in the distant court for the limited purpose of deciding the jurisdictional issue.

*Ellis v. Fortune Seas Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997). Only if the third scenario presents itself would the Court have cause to address personal jurisdiction. *Id.*

At this stage of the litigation, no defendant has been named or served with process. Accordingly, the Court is not exercising jurisdiction over any defendant and discussion of personal jurisdiction is premature. *AF Holdings LLC v. Does 1-1140*, No. 11-1274 (D.D.C. Jan. 30, 2012), ECF No. 29 ("Regarding the putative defendants' jurisdictional and merits arguments, these arguments are prematurely raised because the putative defendants are not named as defendants in this lawsuit and may never be named as defendants."); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Pink Lotus Entertainment, LLC v.*

*Does 1-20*, No. 11-3048 (N.D. Ill. Dec. 8, 2011), ECF No. 25 at *1 ("As numerous courts have

recognized, a motion to dismiss is premature where the defendants have not yet been named as

parties to the action and the court cannot assess whether they have the requisite jurisdictional

contacts.").

 The personal jurisdiction arguments are to be made by the actual Defendants once they

are named as served. *Voltage Pictures, LLC v. Does 1-5,000*, No. 10-0873, 2011 WL 1807438, at

*9 (D.D.C. May 12, 2011) ("If and when the putative defendants are ultimately named in this

lawsuit, the defendants will have the opportunity to file appropriate motions challenging the

Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and

consider dismissal. Until that time, however, dismissal under Rule 12(b)(2) is inappropriate.").

Petitioner will be able to proceed only against named defendants over whom this court has

personal jurisdiction. *Call of the Wild*, 770 F.Supp. 2d at 347; *MGCIP* [sic] *v. Does 1–316*, No.

10-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011).

## III. Comcast's Joinder Objection is Erroneous and Unavailing

 Comcast objects on the basis that there is no valid court order regarding "whether [the

unnamed subscribers] may be properly joined." (Ex. B at 2.) According to the objection letter,

Comcast apparently believes that the jurisprudence of the overwhelming majority of federal

courts nationwide is—in its personal view—"unpersuasive." (*Id.* at 4) ("[Y]our argument that the

alleged co-conspirators acted in concert is unpersuasive.") Comcast's joinder objection is

erroneous and premature.

 Comcast's joinder argument is erroneous because it suffers from at least three fatal

procedural defects. First, joinder objections do not fall on Rule 45's list of permissible grounds

for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45(c)(3). The objection should be

7

denied on this basis alone. Second, Comcast has no colorable basis for claiming standing to challenge permissive joinder in an action to which it is not a party. Finally, Comcast once again makes a tenuous attempt to link its joinder objection to its responsibilities under the Communications Act. (Ex. B. at 2.) This attempt fails for the reasons described above, *supra* Part II.

Beyond these procedural defects, Comcast's joinder objection is unavailing because at this procedural juncture, joinder of the putative defendants is proper. First, Petitioner has satisfied the requirements for permissive joinder of the putative defendants under Rule 20 for this stage of the litigation. Specifically, Petitioner alleged that the Doe Defendants used the BitTorrent file-sharing protocol to "exchang[e] pieces of the [copyrighted] Video file with other Defendants in the group of individuals who were sharing pieces of the file among one another (i.e. the swarm) to obtain a complete copy of the [copyrighted] Video." *CP Productions, Inc. v. Does 1-38*, No. 12-1505 (N.D. Ill. Mar. 1, 2012), ECF No. 1 ¶ 9. Further, Petitioner alleged that the Doe Defendants "took concerted action that contributed to the chain of data distribution." *Id.* ¶ 10. In this District and nationwide, courts have determined similar allegations to establish a logical relationship between claims against putative defendants in BitTorrent-based copyright infringement litigation. *See, e.g., Imperial Enters. Inc. v. Does 1-3,145*, No. 11-529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3-5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1-5,829*, No. 11-57, 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball Movie, LLC v. Does 1-171*, No. 10-1520, ____ F. Supp. 2d ____, 2011 WL 1807452, at *4-9 (D.D.C. May 12, 2011) (Howell, J.); *Voltage Pictures*, No. 10-0873, 2011 WL 1807438, at *9 (Howell, J.); *Call of the Wild*, 770 F. Supp. 2d 332 (Howell, J.); *see also, e.g. First Time Videos, LLC v. Does 1-76*, No 11 C 3831, 2011 WL 3586245, at *4 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.)

(collecting cases and concluding that "[t]he overwhelming majority of courts" have denied

motions to sever "prior to discovery"); *Patrick Collins, Inc. v. John Does 1–15*, No. 11-cv-

02164, 2012 WL 415436, at *2–4 (D. Colo. Feb. 8, 2012) (Arguello, J.) (sustaining joinder and

citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–22*, No. 11-cv-01772-AW, 2011 WL

5439005, at *2–4 (D. Md. Nov. 8, 2011) (sustaining joinder and citing *Call of the Wild*); *Patrick

Collins, Inc. v. Does 1–2,590*, No. C 11-2766 MEJ, 2011 WL 4407172, at *4–7 (N.D. Cal. Sept.

22, 2011) (James, J.) (sustaining joinder and citing *Call of the Wild*); *AF Holdings v. Does 1-162*,

No. 11-23036 (S.D. Fla. Feb. 14, 2012), ECF No. 27; *First Time Videos, LLC v. Does 1–500*,

276 FRD 241, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) (Castillo, J.).

      Further, Petitioner alleges common questions of law and fact. For instance, Petitioner will

have to establish against each putative defendant the same legal claims concerning the validity of

the copyright in the movie at issue and the infringement of the exclusive rights reserved to

Petitioner as the copyright holder. (*See generally CP Productions, Inc. v. Does 1-38*, No. 12-

1505 (N.D. Ill. Mar. 1, 2012), ECF No. 1.) Finally, joinder of the putative defendants at this

stage of the stage of the litigation does not prejudice any party or cause needless delay. To the

contrary, "joinder in a single case of the putative defendants who allegedly infringed the same

copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative

defendants." *Call of the Wild*, 770 F. Supp. 2d at 345; *see also First Time Videos, LLC v. Does

1–500*, 276 FRD 241, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) ("[J]oined

defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to

avoid liability.")

      Comcast's joinder objection is contrary to the overwhelming weight of authority

regarding joinder in BitTorrent-based copyright infringement litigation. Although Comcast may

view this authority as "unpersuasive," Comcast has not offered a persuasive reason to sustain its objection.

## IV.   Comcast's Reimbursement Objection is Factually Baseless

Comcast objects on the basis that the court order from the underlying action does not provide assurance of "reasonable reimbursement" for Comcast's compliance. (Ex. B at 2.) Once again, this objection does not fall on Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. Further, Comcast admits that Petitioner has "in the past offered to reimburse Comcast for its reasonable expenses." (Ex. B at 2.) In the past, Petitioner has enjoyed a good working relationship with Comcast. For the past two years, Comcast has reliably processed Petitioner's subpoenas. In turn, Petitioner has granted Comcast reasonable extensions of time for compliance and has promptly paid Comcast for its costs of production. Comcast's objection is baseless because it has always been adequately compensated, no matter the size of the order. Comcast has provided no good faith basis for its objection regarding reasonable reimbursement when Petitioner has promptly and consistently compensated Comcast in the past for its compliance with subpoenas.

## V.   Comcast's Scheduling Objection is Factually Baseless

Comcast objects on the basis that the Court's order does not provide "a reasonable time to fulfill any large order." (Ex. B at 2.) Comcast bears the responsibility of proving that the subpoena is unduly burdensome, and "the burden is a heavy one," requiring Comcast to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). Comcast fails to state any facts that explain why the Court's timeline is unworkable. (*See generally* Ex. B.) Further, to the extent that Comcast believes that the Court's

10

timeline imposes an undue burden, it is Comcast's responsibility to propose modifications that would relieve the burden. *See aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 771 (N.D. Ill. 2005) (denying a motion to quash a subpoena because, *inter alia*, the parties claiming that the subpoena caused them an undue burden did "not propose[ ] any modification to the specific topics they contend are unduly burdensome.") It is improper for Comcast to leave the Court and Petitioner guessing when, if ever, Comcast will be able to fulfill its obligations under the subpoena. Finally, Comcast's counsel appears to have reviewed the addresses of the Comcast subscribers subject to Petitioner's subpoena (*See* Ex. B. at 3.) If Comcast's counsel is in possession of subscriber IP resolutions, then it would appear that Comcast has already managed to perform the most time-intensive aspect of the subscriber notification process.

## CONCLUSION

Petitioner respectfully requests the Court to compel Comcast's immediate compliance with the Subpoena.

Respectfully submitted,

CP PRODUCTIONS, INC.

**DATED**: July 16, 2012

By: _____
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:  (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

## LOCAL CIV. R. 7(m) CERTIFICATION

Counsel for Petitioner conferred with opposing counsel via telephone on May 24, 2012 in a good faith effort to determine whether opposing counsel would oppose the relief sought herein. During the telephone conference, the parties were unable to reach a resolution on the objections or narrow the areas of disagreement with respect to those objections. Opposing counsel indicated that they would oppose Petitioner's motion.

**DATED**: July 16, 2012

By:_____
          Paul A. Duffy, Esq.

12

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on July 16, 2012, he caused one copy each of the Motion to Compel Compliance with Subpoena, Memorandum of Law in Support of Motion to Compel Compliance with Subpoena and the Local Civ. R. 7(m) Certification to be served by first-class U.S. mail, postage prepaid, on the following:

John D. Seiver
Davis Wright Tremaine LLP
Suite 800
1919 Pennsylvania Avenue NW
Washington, DC 20006-3401

By:_____
Paul A. Duffy, Esq.

# EXHIBIT A

AO 88B (Rev 06 09) Subpoena to Produce Documents. Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| CP PRODUCTIONS, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:12-cv-01505 |
| DOES 1-38 | ) | |
| | ) | (If the action is pending in another district. state where. |
| *Defendant* | ) | Northern District of Illinois        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Subpoena Compliance/Custodian of Records:  Comcast Cable Communications Management, LLC  c/o o CT
Corporation System UNK: 1015 15th St NW, Suite 1000, Washington, DC 20005.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law | Date and Time: |
|---|---|
| 2100 M St. Northwest, Ste 170-417 Wahington DC 20037-1233 | 05/28/2012 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/28/2012

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
CP Productions, Inc.                                          , who issues or requests this subpoena, are:
Paul Duffy, Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (312) 880-9160

# EXHIBIT B

 **DavisWright
Tremaine LLP**

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC  20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone**
**202.973.4412 Direct Fax**
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

May 1, 2012

**VIA E-MAIL AND U.S. MAIL**
*paduffy@wefightpiracy.com*
*pduffy@pduffygroup.com*
*subpoena@wefightpiracy.com*

Paul Duffy
Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, Illinois 60601

> Re:   *CP Productions, Inc. v. Does 1-38*
>         **Case No. 1:12-cv-01505 (N.D. Ill.)**
>         **Subpoena to Comcast (D.D.C.)**

Dear Mr. Duffy:

As you know, I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on April 18, 2012, in the above-referenced action. Your Subpoena requests that, by May 28, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers identified by using certain Comcast-registered IP addresses listed in the Subpoena. For the reasons we set forth below, Comcast objects to your Subpoena and no documents will be produced unless and until a specific and valid court order is entered.

As a preliminary matter, the U.S. District Court for the District of Columbia issued a subpoena in *AF Holdings LLC v. Does 1-1,058*, Case No. 1:12-cv-00048, nearly identical to the subpoena you served on Comcast in the above-captioned proceeding. Comcast objected to the *AF Holdings* subpoena, and you moved to compel compliance. Your compliance motion has been fully briefed and was heard by Judge Beryl Howell on April 27, 2012. Because Comcast raised the same objections to the subpoena in *AF Holdings* as it does to the instant Subpoena, Comcast agrees to abide by Judge Howell's forthcoming ruling on similar objections in *AF Holdings* in this proceeding.

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Paul Duffy
May 1, 2012
Page 2

As you know, Comcast must give notice to its subscribers before turning over any records and your timetable does not allow for reasonable notice.   Moreover, the federal Communications Act prohibits Comcast from providing any of the subpoenaed information to you without prior notice to the affected subscriber(s) and a court order with reasonable time allotted for the subscribers to interpose objections.  You have in the past offered to reimburse Comcast for its reasonable expenses.  Federal Rule 45 provides that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded."  Indeed, "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of costs of a litigation to which they are not a party."[1]  In this regard, courts have consistently held that nonparties should be compensated for their time and labor in producing requested documents.[2]  Resolving each IP address is time consuming initially and for quality control, notice and response.   We will need to agree on a schedule for reimbursement and time production if we proceed.

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law.  Comcast may not provide any subscriber's personally identifiable information to a third party without first ensuring compliance with the requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c).   That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator."  47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent.  Only one is applicable to your request.  Section 47 U.S.C. § 551(c)(2)(B) states that disclosure is permitted "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."  Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated with the IP addresses in the Subpoena. Once a valid Order is received we will need

---

[1] *United States v. Columbia Broadcasting Sys. Inc.,* 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied,* 457 U.S. 1118.

[2] *See Linder v. Adolfo Calero-Portocarrero,* 251 F.3d. 178, 182 (D.C. Cir. 2001) (finding that nonparty should be compensated for half the reasonable copying and labor costs); *In re Midlantic Corp. Shareholder Litigation,* 1994 WL 750664 at *6 (stating that nonparty must be compensated for reasonable copying and labor costs); *Exxon Valdez,* 142 F.R.D. at 384 (requiring requesting party to pay a portion of discovery costs); *Mycogen Plant Science, Inc. v. Monsanto Co.,* 1996 U.S. Dist. LEXIS 2264, * 16 (E.D. Pa. 1996) (finding that a nonparty should be compensated for its time and labor in producing documents); *Compaq Computer Corp., v. Packard Bell Electronics, Inc.,* 1995 U.S. Dist. LEXIS 20549, *24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be compensated at a reasonable hourly rate for producing documents); *In re Letters Rogatory,* 144 F.R.D. 272, 278-79 (E.D. Pa. 1992) (reimbursement for production costs).

Paul Duffy
May 1, 2012
Page 3

sufficient time to notify our subscribers before disclosure of any PII may be made.[3]  *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in the Subpoena in question for 90 days from the date of receipt of the subpoena.*

We are puzzled why you issued the subpoena out of the District of Columbia, when none of the IP addresses listed in the Subpoena are for individuals within the jurisdiction of the District of Columbia.[4]  Indeed, nearly all of the IP addresses listed are for subscribers located in Illinois, which you should have ascertained by looking up the IP addresses in ARIN or another geo-locator to determine the location of the IP addresses.  Given that the underlying action is pending in the Northern District of Illinois, it is odd that you did not issue the subpoena out of that jurisdiction.  One can only surmise that this is just part of your effort to forum shop and attempt to confuse Comcast and its subscribers.  Comcast will raise this (among others) issue in response to any motion to compel that you may file with respect to the Subpoena.

Comcast also objects to your Subpoena on the ground that the rules for joinder of the Doe Defendants may not be appropriate in the underlying action in light of the many recent cases that have expressly prohibited discovery and quashed subpoenas similar to yours, including, most recently, *Cinetel Films, Inc. et al. v. Does 1-1,052*, 2012 WL 1142272 (D. Md. April 4, 2012) *Pacific Century Int'l, LTD. v. John Does 1-37, et al.*, 2012 WL 1072312 (E.D. Ill. March 30, 2012), *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. March 26, 2012), *K-Beech, Inc. v. John Does 1-41*, 2012 WL 773683 (S.D. Tex. March 8, 2012).[5]  Certainly, you

---

[3]  Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made. A decision otherwise would render the notice provision a nullity.  *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech*, 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously *before it is too late*") (emphasis added).

[4]  We accessed http://ip-address-lookup-v4.com/ to make that determination.

[5]  *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (finding joinder improper and severing and dismissing all claims against all but one Doe defendant) (citing *Boy Racer Inc. v. Does 2-52*, Case No. 11-2834 (N.D. Cal.), Docket 12 (finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where joinder has been found improper); *Diabolic Video Prods.*, 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards of joinder set forth in Rule 20"); *Pacific Century International*, 2011 WL 2690142 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder was improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotes and cite omitted); *Millennium TGA*, 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged actions against Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement.")); *Hard Drive Prods. v. Does* U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe*, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

Paul Duffy
May 1, 2012
Page 4

must also be aware of the *Hard Drive, Boy Racer, Pacific Century, Millennium* and *McGip* cases in the Northern District of California, given that your firm (or the firm that merged with your firm) represented the plaintiff in each of these cases. As you know, these cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Hard Drive Prods. v. Does*, 2011 WL 3740473, at *7 (N.D. Cal. Aug. 23, 2011).

Additionally, as the court found in the *Pacific Century* and *Hard Drive* actions, because the exhibit attached to the Complaint reflects that the activity of the different IP addresses occurred on different days and times over a ***ten week period***,[6] your argument that the alleged co-conspirators acted in concert is unpersuasive. *Pacific Century*, 2012 WL 1072312, at *10; *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14. Accordingly, the court would likely agree with the ruling in the *Pacific Century* and *Hard Drive* cases that joinder would be inconsistent with Rule 20(a)(2), cause prejudice and unfairness, and would not be in the interest of justice. *Id.*

If and when you obtain an order that complies with the Cable Communications Act and the law with respect to joinder, jurisdiction, and venue, and serve a valid subpoena, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses. Meanwhile, I remind you, your subpoena is being preserved for 90 days from April 18, 2012 and thus time is of the essence.

If you would like to discuss this, please let me know.

Very truly yours,

*John D. Seiver*

John D. Seiver

cc:    Comcast Communications

---

[6] In the *Hard Drive* case, it was a two-week period. *Hard Drive Prods. v. Does*, 2011 WL 3740473, at *14.